IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3084-BO

| DAVID EUGENE BRINKLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

On May 28, 2010, David Eugene Brinkley ("plaintiff"), a federal inmate, filed suit in this court. His complaint and filings are extremely difficult to understand. (See Compl.) He did appear to raise either a claim under the Federal Tort Claims Act ("FTCA"), a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or both, and on February 25, 2011, the court began a frivolity review pursuant to 28 U.S.C. § 1915. (D.E. # 7)

Construing the complaint liberally, the court held plaintiff was asserting his FTCA claim against the United States of America and Bivens claim against Roscoe Ramsey, Dr. Carlos Duchesne, P.A. Gonzalez, and Warden Tommy Johns. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); 28 U.S.C. §§ 1346(b), 2674, 2679 (proper party for a suit brought under the Federal Tort Claims Act is the United States of America.). However, Brinkley had not shown exhaustion as required by the statute. 28 U.S.C. § 2675(a); see Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990) (vacating judgment for plaintiff because the requirements of section 2675(a) are jurisdictional and may not be waived). According to the statute, exhaustion of administrative remedies is necessary before bringing a Federal Torts claim to a federal district court for relief. McNeill v. United States, 508 U.S. 106, 110-113 (1993); Drew v. United States, 217 F.3d 193, 196-197 ("the FTCA prohibits the filing of a civil action against the Government unless the underlying claim is

'first presented' to the appropriate federal agency and subsequently denied."), aff'd en banc, 231 F.3d 927 (4th Cir. 2000). Therefore, Brinkley was ordered to provide the court with proof of exhaustion, because without such the court does not have jurisdiction to proceed. Drew, 217 F.3d at 196-197 (When a FTCA is not "first presented to the appropriate agency, the district court must, pursuant to Fed. R. Civ. P. 12(b)(1), dismiss the action for want of subject matter jurisdiction.")

As for the Bivens claim, plaintiff's complaint also failed to satisfy the parameters of 28 U.S.C. § 1915. Within the complaint, Brinkley did not allege one factual allegation against those who appeared to be the defendants, Dr. Carlos Duchesne, P.A. Gonzalez, and Warden Tommy Johns. Section 1915 authorizes the court to dismiss claims that do not "meet certain minimum standards of rationality and specificity." White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); see also Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (conclusory allegations of retaliation are frivolous).

In an abundance of caution, the court allowed plaintiff to particularize his claim by providing additional information. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam); Fed. R. Civ. P. 15(a). He was specifically ordered to provide specifics "such as each defendant's involvement with, and knowledge of, the allegations and how each defendant's participation caused injury to plaintiff including dates, times, and facts surrounding specific events." He was notified that "[t]he filing must be clear and concise in compliance with Rule 8 of the Federal Rules of Civil Procedure." He was also given twenty (20) days of the date of this order (which would have been March 17, 2011) and warned that his failure to do so will result in the dismissal of the complaint. Plaintiff did not timely comply, and on March 30, 2011, the matter was dismissed without prejudice.

On April 7, 2011, plaintiff made a subsequent filing, which again is extremely difficult to follow. However, the court shall construe it as motion to reconsider the dismissal under Rule 59 of the Federal Rules of Civil Procedure. Given that Brinkley appears to allege that he tried to respond to the motion on March 18, 2011, but his attempts were somehow stymied, the motion is allowed. He argues that because of a delay, he was unable to send the motion until March 31, 2011.[1] Thus, the court revisits the frivolity review.

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Bivens and FTCA claims shall be reviewed in turn.

First, the FTCA claim is dismissed. Brinkley has attached the required "right to sue" letter in his April 2011 filing. (D.E. # 10-1, Page 1 and 2 of 18) The letter states that on September 21, 2010, his claim was rejected and that "if . . . dissatisfied with this determination, you may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing this notification." (Id.)  However, as noted above, exhaustion of administrative remedies is

---

[1] The court will accept as true Brinkley assertion regarding his attempt to timely mail the motion. However, the court does note that the filing contains witness signatures (three) which Brinkley appears to have obtained on March 27, 2011. (D.E. # 10, "page #22 of 22" "In the Book of 2 Corinthians, Chapter 13, verse 1: 'In the Mouth of Two of Three Witnesses Shall Every, Word be Established', & Deuteronomy, Chapter 19, verse 15: 'One Witness Shall NOT Rise A'gainst A Man Concerning Any Iniquity Or Sin That He Commits; By The Mouth Of Two or Three Witnesses The Matter Shall Be Established, yet, If A False Witness Rises A'gaist Any Man To Testify A'gainst Him of Wrongdoing, Then Both Men In The Controversy Shall Stand Before The Lord GOD Almighty" and then follows the three signatures and dates of 3/27/2011) This clearly does not support his assertion that he attempted to mail the motion on March 18, 2011.

necessary *before* bringing a Federal Torts claim to a federal district court for relief. McNeill v. United States, 508 U.S. 106, 110-113 (1993). This complaint was filed in May of 2010. (D.E. # 1) From the filings, it is clear he began to exhaust his administrative grievances on March 4, 2010, by filing an administrative tort claim. He was given notice on April 7, 2010, that the administrative agency had six months to adjudicate the claim. (D.E. # 10-1, Page 2 of 18) The claim is DISMISSED.

Likewise, the Bivens claim is dismissed. The court ordered Brinkley to comply with Rule 8 and gave him specific direction as set out above. The complaint and amended complaint violate Rule 8 of the Federal Rules of Civil Procedure. This rule requires:

> (a) A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . .

Fed. R. Civ. P. 8.

The court must liberally construe the filings of *pro se* litigants. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, there are limits to which the court may go in dealing with such filings. See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir.1998) ("[N]otice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy."); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits."). Plaintiff has breached those barriers. (See all filings of plaitniff) It is clear that "[w]hat constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 446-47 (4th Cir. 2005) quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d

4

§ 1217, at 240-41 (3d ed. 2004). However, here Brinkley has filed numerous pages and despite clear instruction, he now appears to name even more defendants: "United States of America, Inc. 1871 ©; et al. Defendant and Defendant(s); Orthopedics, F.M.C. ; Dr. L. Sichel, F.C.C.; Dr. P. Claudius, Butner II; PA Howard, F.M.C.; Dr. Stanley F.M.C.; Dr. R. Ramsey Jr., Butner I; PA Gonzalez, Butner; Mr. Gerrido, Assistant Health Admin.; Warden Tracy Johns, Butner I.; Assist. Warden Gonzalez, Butner I; Counselor Jones, Ret., Butner II; Unit and Case Manager(s) at the MB Bld., Butner II; and Assist. Health Admin, Formally at Butner I; Nurse Kilpatrick, Butner I; Raul Compos, Associate Warden, F.M.C.; Dr. Carlos Duchesne, Clinical Dir., F.M.C.; Dr. Hall." Brinkley does not provide specifics "such as each defendant's involvement with, and knowledge of, the allegations and how each defendant's participation caused injury to plaintiff including dates, times, and facts surrounding specific events." Brinkley's statements are not a short and plain statement of the claim showing that the pleader is entitled to relief and the claim is DISMISSED without prejudice.

For the above stated reasons, in that Brinkley's motion filed on April 7, 2011, is a motion to reconsider, the motion is ALLOWED. (D.E. # 10). However, Brinkley's FTCA claim is DISMISSED without prejudice for failure to properly exhaust and the Bivens claim is DISMISSED without prejudice for failure to comport with Rule 8 of the Federal Rules of Civil Procedure. The case is closed.

SO ORDERED, this the _10_ day of January 2012.

*[signature]*
TERRENCE W. BOYLE
United States District Judge

5